UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

AMANDA BETH KISER STEADMAN, )
)
Petitioner, )
)
v. ) Nos. 2:12-CR-113(3)
) 2:16-CV-258
)
UNITED STATES OF AMERICA, )
)
Respondent. )

# MEMORANDUM OPINION

This matter is before the Court on the "Motion To Vacate, Set Aside, Or Correct A Sentence Pursuant to 28 U.S.C. § 2255," [Doc. 173],[1] filed by Amanda Beth Kiser Steadman ("Steadman" or "petitioner"). The United States has responded in opposition, [Doc. 204]. The matter is now ripe for disposition. The Court has determined that the files and records in the case conclusively establish that the petitioner is not entitled to relief under § 2255 and, therefore, no evidentiary hearing is necessary. For the reasons which follow, the petitioner's § 2255 motion lacks merit, and the motion will be **DENIED**.

## I. FACTUAL BACKGROUND

A sealed indictment was filed on November 15, 2012, [Doc. 3], charging James Hulon Steadman, Jason Anthony Carter, and petitioner with conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (Count One), possession of equipment, chemicals, products, and materials which may be used to manufacture methamphetamine in violation of 21 U.S.C. § 843(a)(6) and 18 U.S.C. § 2 (Count Two), and

---

[1] All references are to docket entries in Case No. 2:12-CR-113 unless otherwise indicated.

creating a substantial risk of harm to human life while manufacturing or attempting to manufacture methamphetamine in violation of 21 U.S.C. § 858 and 18 U.S.C. § 2 (Count Three). A plea agreement was filed on April 25, 2013, [Doc. 36], in which petitioner agreed to plead guilty to Counts One and Three. On November 26, 2013, petitioner was sentenced to 77 months of imprisonment as to each of Counts One and Three, to run concurrently, for a net effective sentence of 77 months. [Doc. 101]. Following her release, petitioner was sentenced to a term of supervised release for a term of 6 years. [*Id.*]. Petitioner was also ordered to pay restitution in the amount of $98,911.13, jointly and severally with her co-defendants. [*Id.*]. Petitioner's judgment was entered on December 18, 2013, and returned executed on January 29, 2014. [Docs. 101, 104]. On September 10, 2015, petitioner's sentence was reduced to 63 months of imprisonment following the government's motion for a sentence reduction under Federal Rule of Criminal Procedure 35. [Docs. 143, 144]. Petitioner's instant motion to vacate was filed on August 1, 2016. [Doc. 173].

## II.  STANDARD OF REVIEW

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735

(6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir. 1978), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

### III. ANALYSIS

Petitioner's sole claim in her § 2255 motion is that she was "a mere 'peon' in the entire scheme," and therefore should receive a minor role reduction in her sentence. [Doc. 173 at 2-3].

Petitioner argues that, though she was sentenced before the passage of Amendment 794,[2] she should receive benefit retroactively under *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016). In response, the government argues that petitioner's claim is untimely, precluded by the waiver provision in her plea agreement, and substantively without merit, as Amendment 794 has not been designated as a retroactive amendment by the U.S. Sentencing Commission. [Doc. 204].

First, the Court must determine whether petitioner's § 2255 petition is timely filed. 28 U.S.C. § 2255 provides, in relevant part:

> A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental actions;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). There is no dispute that petitioner's § 2255 petition was filed over a year after her judgment became final. Since the judgment of conviction was entered on December 18, 2013, the judgment became final when the defendant's right to appeal her sentence expired, that is, January 2, 2014. Petitioner's motion to vacate pursuant to § 2255 was not filed until August 1, 2016, nearly a year and a half after the judgment became final.

---

[2] Amendment 794 clarifies when a defendant may be eligible for a minor-role reduction, requiring that courts consider whether a defendant engages in activity "that makes him substantially less culpable than the average participant." U.S.S.G. app. C, amend. 794 (2015).

4

Petitioner believes that her motion is timely because of enumerated paragraph (3), above. She argues that "Amendment 794 under §3B1.2 took effect November 1, 2015, therefore allowing those offenders the opportunity to file for relief up to November 1, 2016." [Doc. 173 at 3]. Petitioner is correct that on November 1, 2015, Guideline § 3B1.2 (pertaining to the mitigating role adjustment) was modified by Amendment 794. *See* USSG app. C, amend. 794 (2015). However, as discussed below, Amendment 794 has not been made retroactive by the Supreme Court, and therefore renders petitioner's motion untimely and her claim without merit.

Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). Section 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except" in three limited circumstances. 18 U.S.C. § 3582(c). First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist. 18 U.S.C. § 3582(c)(1)(A)(i), (ii). Second, a court may modify a sentence if such modification is "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *Id*. § 3582(c)(1)(B). Finally, a court may modify a sentence if "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

As noted above, § 3582(c) authorizes a reduction for a defendant "who has been resentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . ., if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "Section 1B1.10 of the Sentencing Guidelines contains the policy statement for § 3582(c)(2).

Subsection 1B1.10(a) provides that the court may reduce the defendant's term of imprisonment if the applicable guideline range has subsequently been lowered by one of the amendments named in subsection (d)." *United States v. Bonds*, 839 F.3d 524, 529 (2016). Because Amendment 794 is not listed in USSG § 1B1.10(d), it does not apply retroactively under § 3582(c)(2). *See United States v. Watkins*, 655 F. App'x 478, 479 (6th Cir. 2016) ("if no amendment listed in § 1B1.10(d) lowers the defendant's 'applicable guideline range', then a sentence reduction is inconsistent with § 1B1.10 and, therefore, not authorized by § 3582(c)(2).") (citing USSG § 1B1.10(a)(2)(B)). Amendment 794 has also not been held to be retroactively applicable for cases on collateral review by the Supreme Court.

Petitioner argues that *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016) applies to her case and allows for retroactive application of Amendment 794. However, the Ninth Circuit held only that Amendment 794 applied retroactively on direct appeal. *See Johnson v. United States*, 2016 WL 6084018 at *2 (S.D. Ohio Oct. 17, 2016) (finding that *Quintero-Leyva* "did not hold that such [retroactive] relief [under Amendment 794] is available on collateral review, and other courts have concluded that it is not."). Petitioner's § 2255 motion seeks collateral review of her sentence, and therefore *Quintero-Leyva* does not apply to her case. Petitioner's argument that she is entitled to a sentence reduction pursuant to Amendment 794 is without merit.

## IV. CONCLUSION

Petitioner's argument for a minor role reduction under Amendment 794 is her only claim for relief in her § 2255 petition. Because this claim is without merit for the reasons stated above, the Court holds petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States. Accordingly, her motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255, [Doc. 173], will be **DENIED** and her motion **DISMISSED**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id*.

A certificate of appealability should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473 (2000). Having examined each of petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of his claims was debatable or wrong. Therefore, the Court will **DENY** a certificate of appealability.

A separate judgment will enter.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE